## (December 18, 1967)

In the Matter of RAMON A. CARRANO, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, NEW YORK, INC., Petitioner.— In this proceeding to discipline an attorney upon charges of professional misconduct, the respondent has failed to answer the petition containing the charges herein or to appear, although the time to do so has expired. Respondent was admitted to the Bar by this court on October 16, 1957 and at the times here in question maintained an office in Hicksville, Nassau County. The charges, generally stated, are that respondent procured substantial moneys from a client upon his misrepresentation as to the purpose and then used the money for his own purposes; improperly withheld money he had received in escrow in a transaction as to other clients; failed to appear for a hearing on these matters before petitioner's Grievance Committee, although requested to do so by petitioner; and as to one of the matters he failed to answer repeated inquiries by petitioner and by an attorney who had been engaged by the complainants in that matter. As to the first matter the petition alleges the following: Respondent was retained in 1964 to serve as attorney for the administratrix of a decedent's estate and received $465 for his services. Subsequently, the administratrix signed and gave respondent four blank checks upon his representation that he would need them at the closing of a sale of real property of the estate; he specifically represented to her that one of the checks would be used to pay the $397 balance owing on a funeral bill. Soon thereafter he made one of the checks payable to himself for $2,500 and marked it "legal fee", although the client had not agreed to any such fee, and made the other three checks payable to other persons for nonestate purposes, in the respective amounts of $600, $1,000 and $1,500. Later he deposited $5,000 into the estate bank account as partial reimbursement, which went to the administratrix as a partial distribution of estate assets. The $397 balance of the funeral bill was never paid, despite the fact that an accounting which respondent had prepared for the estate recited that it had been paid. In addition, a $980.74 check which the administratrix had drawn to her order as the final amount due her

from the estate, as directed by respondent, was dishonored for insufficient funds, but was ultimately paid after respondent deposited some $300 into the estate bank account. As to the other matter the allegations are that respondent represented the sellers of a dwelling and, in connection with the execution of the contract of sale, received $1,800 from the buyers in escrow in September, 1965, but refused to return the money as requested, claiming that his clients had instructed him not to do so; he did not institute any judicial proceeding to ascertain the rights of the parties to the contract as to said money; and in an action brought by the buyers he failed to answer the summons and complaint, which were served on him on June 22, 1967. The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges and not even to appear in this proceeding, the charges must be deemed established. Respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.